RECEIVED
JUL 16 2012
AT 8:30_____M
WILLIAM T. WALSH
CLERK

RECEIVED
JUL 1 6 2012
DOUGLAS E. ARPERT
U.S. MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEPHEN TREWIN, ET AL.,

v.

CHURCH & DWIGHT CO., INC.

Civil Action No. 3:12-cv-01475(FLW)(DEA)

**STIPULATED PROTECTIVE ORDER**

Subject to the approval of the Court, plaintiffs Stephen Trewin and Joseph Farhatt, on behalf of themselves and all others similarly situated ("Plaintiffs") and defendant Church & Dwight Co., Inc. ("Church & Dwight") stipulate to entry of a Protective Order as follows:

WHEREAS, activities in this action are likely to involve production of confidential, proprietary information or trade secrets, including secret, confidential or sensitive research, development, commercial, financial, or business information, including information received from a non-party, the disclosure of which would pose substantial risk of irreparable harm to the producing party's legitimate proprietary interests, and thus special protection from public disclosure and from use for any purpose other than in connection with this litigation, including appeals arising from this action is warranted. (*See* Certification of Baldassare Vinti, Esq. in Support of Entry of Protective Order and Certification submitted herewith);

WHEREAS, the parties believe that the production of confidential information should be made under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Civ. R. 5.3; and,

NOW, THEREFORE, the parties, through their respective counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order"), pursuant to Rule 26(C(7) of the Federal Rules of Civil Procedure and Local Civ. R.. 5.3, on the terms and conditions set forth below:

1

The parties acknowledge that this Protective Oder does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the information protected as confidential or protected under Rule 408 of the Federal Rules of Evidence. The parties acknowledge that this Protective Order creates no entitlement to file confidential information under seal; Local Civ. R. 5.3(c) sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file materials under seal.

1. **DEFINITIONS**

    1.1. *Designated Material*: The term "Designated Material" shall mean any Discovery Material designated by a Producing Party as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY," which comprises or contains all copies of information that the Producing Party claims in good faith to constitute or relate to trade secrets under applicable law; and confidential and proprietary information, such as, without limitation, confidential research and development information (including, for example, laboratory notebooks, research plans, software, market and demographic research, and product and advertising development), confidential commercial information (including, for example, business plans, business strategies, negotiations, and license agreements), financial information (including, for example, budgeting, accounting, sales figures, and advertising expenditures), confidential business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), and confidential personnel information (including, for example, compensation, evaluations, and other employment information). *Discovery Material:* The term "Discovery Material" shall mean any document (as defined below), oral disclosure, material, item, Court filing produced, served, or generated during any discovery or settlement process, including all copies, extracts, summaries, compilations, designations, and portions thereof.

1.2. *Document*: The term "Document" shall have the meaning set forth in Federal Rules of Civil Procedure.

1.3. *Producing Party*: The term "Producing Party" shall mean any party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery for this action.

1.4. *Receiving Party*: The term "Receiving Party" shall mean any party to this action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material during discovery for this action.

1.5. *CONFIDENTIAL INFORMATION*: The term "CONFIDENTIAL INFORMATION" shall mean information that a Disclosing Party in good faith believes (i) is not in the public domain (i.e., not generally known and not reasonably ascertainable by proper means) and (ii) contains trade secrets or other proprietary or confidential research development, marketing, financial, technical, or commercial information.

1.6. *CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY*: The term "CONFIDENTIAL INFORMATION - *ATTORNEYS' EYES ONLY*" shall mean such Confidential Information that the Disclosing Party is good faith believes would cause direct harm to its competitive position if the disclosure of the information were not limited as provided herein or is so competitively sensitive that disclosure (other than in the manner provided herein) could materially affect the business, commercial, or financial interests of the Disclosing Party.

2. **PROCEDURE FOR MARKING DESIGNATED MATERIAL**: Marking of Designated Material shall be made by the Producing Party in the following manner:

2.1. In the case of documents or any other tangible thing produced, a designation shall be made by placing the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" on each page of the document or in a prominent place on any other tangible thing prior to production of

the document or tangible thing;

    2.2. In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY," respectively. Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark, as appropriate, "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the Receiving Party;

    2.3. In the case of oral disclosures, the Producing Party shall secure the oral or written agreement of the Receiving Party that the oral disclosure of the Designated Material is to be treated as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" prior to the oral disclosure of the Designated Material;

    2.4. In the case of deposition testimony, transcripts or portions thereof, designation shall be made by the Producing Party either

        (i) on the record during the deposition, in which case the transcript or portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" by the reporter, or

        (ii) by captioned, written notice to the reporter and all counsel of record, given within thirty (30) days after receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or deponent. Pending

expiration of the thirty (30) day period all parties and, if applicable, any third party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY." No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material under the terms of this Order or the Producing Party agrees to such person's attendance.

3. **CONTESTING THE DESIGNATION**

    3.1.    No party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

    3.2.    Any party may contest a claim of confidentiality. Any party objecting to the designation of any Discovery Material as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY must give outside counsel of record for the Producing Party written notice of its reasons for the objection. Failing resolution after service of the written notice of its reasons for the objection within 14 days of receipt of the notice, the party objecting may, on a duly noticed motion, seek an order changing or removing the designation. In the event of a challenge to a confidentiality designation, any information designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY shall be deemed as such until the matter is resolved.

4. **RESTRICTION ON DISCLOSURE AND USE**

    *4.1.*    *Confidentiality.* Designated Material shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

4.2. *This Action Only.* Designated Material shall be used by a Receiving Party solely for purposes of this Action. This "Action" shall mean this litigation and any proceeding incident hereto before any other tribunal.

4.3. *Maintenance of Designated Material.* Designated Material shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

4.4. A Producing Party is free to do whatever it desires with its own Designated Material.

**5. ACCESS TO DESIGNATED MATERIAL**

5.1. *Access - "CONFIDENTIAL INFORMATION."* Designated Material marked "CONFIDENTIAL INFORMATION" shall be available only to the following persons subject to the terms of paragraph 6:

(i) Outside counsel of record to any party in connection with this action, and the outside counsel's partners, associates and employees;

(ii) the United States Court for the District of New Jersey and its officers, law clerks, and clerical personnel, and qualified court reporters;

(iii) Authors, addressees, or recipients of a document as reflected in a document;

(iv) Approved consultants or experts retained by any of the parties or their counsel to consult or testify in the case as set forth in paragraph 6;

(v) Third-party contractors and their employees involved in document management or copying services for this litigation;

(vi) Graphics or design services retained by counsel for a party for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in this action;

(vii) Jury or trial consulting services retained by a party in this action;

(viii) Persons who have been retained by a party to provide translation or

        interpretation from one language to another; and

(ix)    Plaintiffs Stephen Trewin and Joseph Farhatt and defendant Church & Dwight, including, but not limited to, Patrick deMaynadier, Esq. and Ronald Caiazza, Esq.

In addition to the individuals named above, each side reserves the right to name a substitute for any of the foregoing individuals, upon prior written notice to counsel for each side. Within five (5) business days of receiving such notice, counsel for a side so notified may serve an objection and assert that the disclosure of CONFIDENTIAL INFORMATION should not be made to the named individual. Upon such objection, CONFIDENTIAL INFORMATION shall not be disclosed to the named individual absent agreement of the parties or the Court. The party objecting to the disclosure shall bear the burden of showing the need for precluding access. If no objection is made within five (5) business days of notification, the named individual may have access to the CONFIDENTIAL INFORMATION subject to and in accordance with the terms of this Order.

      5.2.    Access - *"CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY"*. Designated Material marked "CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" shall be available only to the following persons:

(i)    Outside counsel of record to any party in connection with this action, and the outside counsel's partners, associates and employees.

(ii)    the United States Court for the District of New Jersey and its officers, law clerks, and clerical personnel, and qualified court reporters;

(iii)    Authors, addressees, or recipients of a document as reflected in a document;

(iv)    consultants or experts retained by any of the parties or their counsel to consult or testify in the case as set forth in Paragraph 6;

(v)    Third party contractors and their employees involved in document

     management or copying services for this litigation;

(vi) Graphics or design services retained by counsel for a party for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in this action;

(vii) Jury or trial consulting services retained by a party in this action;

(viii) Persons who have been retained by a party to provide translation or interpretation from one language to another.

6. **<u>CONDITIONS ON ACCESS TO DESIGNATED MATERIAL</u>**[1]

  6.1. *Consultants and Experts.* Prior to a Receiving Party giving, showing, disclosing, making available or communicating Designated Material to any expert or consultant under paragraph 5, the party shall:

(i) Serve a notice on the Producing Party, identifying the expert or consultant and that expert's or consultant's business address, business telephone numbers, present employer and position (along with a job description), consulting activities and job history for the past three years, and past or present relationship, if any, with the Receiving Party. Furthermore, if available or reasonably obtainable, the most recent curriculum vitae or resume of the expert or consultant shall be provided under this section. If the most recent curriculum vitae or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided.

(ii) Include with such notice, a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by

---

[1] Plaintiffs only agree to this provision for limited purposes and for a period of 60 days, and do not agree to this provision for any other purpose. After the initial 60 day period, the parties agree that this provision will be null and void, and the parties will re-negotiate the provisions in paragraph 6, and Defendant will not take the position that Plaintiff's agreement to the current language of Paragraph 6 should have any bearing on any position Plaintiff may take in Court.

        the testifying expert or testifying consultant and including all the information to be completed therein.

(iii)    The Producing Party shall be entitled to object to such disclosure to the expert or consultant within ten (10) days after receipt of the Acknowledgment of Protective Order by stating specifically in writing the reasons why such expert or consultant should not receive the Designated Material.

(iv)    The party objecting to an expert has the burden to apply to the Court for an order that disclosure is improper within ten (10) days of its objection. The burden of establishing the validity of such written objections rests with the objecting party.

(v)    No disclosure of the Designated Material shall be made to the proposed testifying expert or testifying consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served and a motion to prevent disclosure is filed, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

(vi)    The filing and pendency of objections shall not limit, delay, or defer any disclosures of Designated Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

    6.2.    (b) *Authorization and Acknowledgment.* Each person listed in paragraphs 5.1(v)-(viii) and 5.2(iv)-(viii) to whom Designated Material is to be given, shown, disclosed, made available or communicated in any way, shall first execute an Acknowledgment of Protective Order in the form shown in Exhibit A, agreeing to be bound by the terms of this Order, acknowledging that Designated Material is subject to

9

this Order, that the person is authorized under paragraph 5 to receive Designated Material marked as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY," that the person has read this Order, that such person agrees to comply with, and be bound by, this Order, and that such person is aware that contempt sanctions may be entered for violation of this Order. Counsel to whom Designated Material is produced shall keep in his or her files an original of each such executed Acknowledgment of Protective Order until sixty (60) calendar days after the final termination of this action.

7. **PROCEDURES FOR FILING PAPERS WITH DESIGNATED MATERIAL**

   7.1.  Without written permission for the Producing Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Material. A Party that seeks to file under seal any Designated Material must comply with Local Civil Rule 5.3.

   7.2.  Material may be included with, or referred to in, papers filed with the Court, but any Designated Material *must* be sought to be impounded by filing a motion in accordance with the procedures set forth Local Rule 7.2 of this Court.

8. **UNINTENTIONAL FAILURE TO DESIGNATE**

   8.1.  If, through inadvertence, a Producing Party provides any Designated Material pursuant to this litigation without designating and marking the Designated Material as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Designated Material as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Designated Material. Disclosure of such Designated Material to persons not authorized to receive that material prior to receipt of the confidentiality

designation shall not be deemed a violation of this Order. However, in the event Designated Material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the steps reasonably necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the Designated Material, or extracts thereof, in the possession of the persons not authorized under this Order to possess such Designated Material and advising the person to whom disclosure was made that the material is confidential and should be treated as provided in the Order.

9. **UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION**

   9.1. Counsel shall exert their best efforts to identify documents or material protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any such documents or material. If, however, a party unintentionally discloses documents or material that is privileged, the party shall, within five (5) business days upon discovery of the disclosure, so advise the Receiving Party in writing, request the documents or material be returned, and attach a privilege log with an entry pertaining to the documents or material that is privileged or otherwise immune from discovery. If that request is made and the privilege log provided, no party to this action shall thereafter assert that the disclosure waived any privilege or immunity. It is further agreed that the Receiving Party will return, destroy, (or sequester if the Receiving party intends to challenge the claim of inadvertent disclosure) the inadvertently produced documents or material, and all copies, excerpts, within five (5) business days of the Receiving Party's receipt of a written request for the return of the documents or material. The cost, if any, for excising such documents or materials by the Receiving Party shall be borne by the Producing Party. The Receiving Party having returned or destroyed the inadvertently produced documents or material may thereafter seek production of the documents or material in accordance with the Federal Rules of Civil Procedure.

## 10. INFORMATION NOT COVERED BY THIS ORDER

    10.1.    The restrictions set forth in this Order shall not apply to information which is (i) in the possession of or otherwise known to the Receiving Party or the public before it was disclosed to the Receiving Party by a Producing Party, provided that the Receiving Party can establish by reference to a document or thing that it or the public had possession of the information, (ii) lawfully, legitimately, and independently obtained from a third party not subject to this Protective Order having the apparent right to disclose such information without restriction or obligation of confidentiality; or (iii) is or becomes publicly known or available as can be demonstrated with reference to a document or thing, provided that such information does not become publicly known or available by any act or omission of the Receiving Party.

## 11. RESPONSIBILITY OF ATTORNEYS

    11.1.    Outside counsel of record shall be responsible for providing a copy of this Order to all persons entitled access to Designated Material under paragraph 5 and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated. No person shall duplicate any Designated Material except, as contemplated by this Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by counsel, experts or consultants for use as working copies. All copies, extracts and translations must be appropriately marked and are subject to of the terms of this Protective Order.

## 12. FINAL DISPOSITION

    12.1.    Upon termination, settlement or final judgment of this litigation including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days. However, outside counsel may retain pleadings, attorney and consultant work product, and deposition transcripts for archival purposes. If Designated Material is destroyed pursuant to this paragraph, outside counsel

for the Receiving Party shall provide to outside counsel for the Producing Party a certification identifying when and how the destruction was performed. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this action.

13. **DISCLOSURE OF DESIGNATED MATERIAL AT TRIAL OR PRE-TRIAL HEARINGS**

    13.1. At trial or on appeal, the parties may redesignate or redact confidential designations as deemed appropriate.

14. **NO LIMITATION OF OTHER RIGHTS**

    14.1. This Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

15. **RELEASE FROM OR MODIFICATION OF THIS ORDER**

    15.1. This Order shall not prevent the parties from applying to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, or from agreeing between themselves to modifications of this Order subject to Court approval.

16. **DISCOVERY FROM THIRD PARTIES**

    16.1. If discovery is sought of a person not a party to this action ("third party") requiring disclosure of such third party's Designated Material, the Designated Material disclosed by any such third party will be accorded the same protection as the parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the parties' Designated Material pursuant to this Order.

17. **ADMISSIBILITY**

    17.1. Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this mater. The marking of Designated Material as CONFIDENTIAL

INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Designated Material marked as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY.

18. **NON-PARTY REQUEST/SUBPOENA OF DESIGNATED MATERIAL**

      18.1.     If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to outside counsel of record for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

19. **UNINTENTIONAL DISCLOSURE OF DESIGNATED MATERIAL**

      19.1.     If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized

under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgment of Protective Order in the form shown in Exhibit A.

## 20. COUNSEL'S RIGHT TO PROVIDE ADVICE

20.1. Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

## 21. NO CONTRACT

21.1. To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

## 22. EFFECTIVE DATE

**22.1.** This Order shall be effective on the date of its execution, provided that all materials previously produced shall be deemed CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY unless and until they are redesignated by the Producing Party or by further order of the Court.

## 23. TERMINATION

**23.1.** The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

| | |
|---|---|
| /s/ James C. Shah | /s/ Wanda L. Ellert |
| James C. Shah | Wanda L. Ellert |
| Natalie Finkelman Bennett | Richard M. Goldstein* |
| SHEPHERD, FINKELMAN, MILLER & SHAH, LLP | Lawrence I. Weinstein* |
| 475 White Horse Pike | Baldassare Vinti* |
| Collingswood, NJ 08107 | PROSKAUER ROSE LLP |
| Telephone: 856.858.1770 | Eleven Times Square |
| Facsimile: 856.858.7012 | New York, NY 10036 |
| Email: jshah@sfmslaw.com | Telephone: 212.969.3000 |
| nfinkelman@sfmslaw.com | Facsimile: 212.969.2900 |
| | Email: rgoldstein@proskauer.com |
| Jayne A. Goldstein | lweinstein@proskauer.com |
| SHEPHERD, FINKELMAN, MILLER & SHAH, LLP | bvinti@proskauer.com |
| 160 Town Center Circle, Suite 216 | *admitted *pro hac vice* |
| Weston, FL 33326 | |
| Telephone: 954.515.0123 | *ATTORNEYS FOR DEFENDANT* |
| Facsimile: 954.515.0124 | *CHURCH & DWIGHT CO., INC.* |
| Email: jgoldstein@sfmslaw.com | |
| | |
| Eric D. Holland | |
| HOLLAND GROVES SCHNELLER & STOLZER, LLC | |
| 300 North Tucker Boulevard, Suite 801 | |
| St. Louis, MO 63101 | |
| Telephone: 314.241.8111 | |
| Facsimile: 314.241.5554 | |
| Email: eholland@allfela.com | |

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, LA 71390
Telephone: 216.621.8484
Facsimile: 216.771.1632
Email: rarsenault@nbalawfirm.com

Charles E. Schaffer
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: 215.592.1500
Facsimile: 215.592.4663
Email: eschaffer@lfsblaw.com

Adam J. Levitt
WOLF HALDENSTEIN ADLER FREEMEN & HERZ LLC
55 West Monroe Street, Suite 11111
Chicago, IL 60603
Telephone: 213.984.0000
Facsimile: 312.984.0001
Email: levitt@whafh.com

John R. Climaco
CLIMACO, WILCOX, PECA, TARANTINO & GAROFOLIO CO., L.P.A.
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216.621.8484
Facsimile: 216.771.1632
Email: jrclim@climacolaw.com

*ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS*

**IT IS SO ORDERED:**

Dated: July 16, 2012

Honorable Douglas E. Arpert
U.S. Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN TREWIN, ET AL., <br><br> v. <br><br> CHURCH & DWIGHT CO., INC. | Civil Action No. 3:12-cv-01475(FLW)(DEA) <br><br> **CERTIFICATION** |

I, _____, state that:

My residence address is _____

_____.

My business address is _____

_____.

My present employer and job description are _____

_____.

My job and consulting history for the past three years is as follows \_\_\_\_\_

_____

_____

_____.

My relationship to the parties to this action is as follows_____

_____.

I have read and reviewed in its entirety the annexed Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

   I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

  DATED this _____ day of _____, 201___0.

                 _____
                  (Signature)

                  _____
                  (Typed or Printed Name)