UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN TREWIN and JOSEPH FARHATT, On Behalf of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>CHURCH & DWIGHT CO., INC.,<br><br>Defendant. | Civ. No. 3:12-CV-01475 (MAS) (DEA)<br><br>**ORDER PRELIMARILY APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, Plaintiffs Stephen Trewin and Joseph Farhatt in this action entitled *Trewin, et al. v. Church & Dwight Co., Inc.*, No. 3:12-CV-01475 (the "Litigation") and Defendant Church & Dwight, Inc. have entered into a Joint Stipulation of Settlement, filed July 16, 2014, (ECF No. 60-3), and an Addendum, filed December 23, 2014, (ECF No. 61), (collectively, "Settlement Agreement"), after substantial motion pratice, discovery and lengthy arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Settlement Agreement, including the accompanying exhibits, and the record in this Litigation;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement

of this Litigation, and for its dismissal with prejudice upon the terms and conditions set forth in the Settlement Agreement;

AND, WHEREAS, the Court has reviewed the Parties' application and the supporting memorandum for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

### The Class Is Preliminarily Certified

1. If not otherwise defined herein, all capitalized terms have the same meanings as set forth in the Settlement Agreement.

2. Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies for the sole purpose of consummating the settlement of the Litigation in accordance with the Settlement Agreement the following Class: all persons or entities who purchased Arm & Hammer® Essentials™ deodorant in the United States with the label stating "Natural Deodorant" ("Old Label"). Excluded from the Class are: (i) those who purchased the Essentials™ deodorant with the Old Label for purpose of resale; (ii) those with claims for personal injuries arising from the use of the Essentials™ deodorant with the Old Label; (iii) Defendant and its officers, directors and employees; (iv) any person who files a valid and timely Request for Exclusion; and (v) the Judges to whom this Litigation is assigned and any members of their immediate families.

3. This certification of the Class is made for the sole purpose of consummating the settlement of the Litigation in accordance with the Settlement Agreement. If the Court's grant of final approval does not become final for any reason whatsoever, or if it is modified in any material respect, this class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Class Representatives or anyone else to seek class certification in this or any other matter.

4. The Class meets all requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for certification of the class claims alleged in the operative complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representative and Class Counsel; (e) predominance of common questions of fact and law Class; and (f) superiority.

5. Class Counsel and the Class Representative are found to be adequate representatives of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court appoints Stephen Trewin and Joseph Farhatt as Class Representatives of the Class. The Court also designates Shepherd, Finkelman, Miller & Shah, LLP, whom the Court finds is experienced and adequate counsel having considered the factors set forth in Rule 23(g)(1), as Class Counsel.

## The Settlement Agreement Is Preliminarily Approved and Final Approval Schedule Set

6. The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

7. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

8. Pursuant to of the Federal Rule of Civil Procedure 23(e) the Court will hold a final approval hearing on <u>June 4, 2015</u>, at <u>11:00</u> a.m., in the Courtroom of the Honorable Michael A. Shipp, United States District Court for the District of New Jersey, 402 East State Street, Trenton, NJ 08608, for the following purposes:

    a. determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court;

    b. considering the application of Class Counsel for an award of attorneys' fees and expenses as provided for under the Settlement Agreement;

    c.    considering the application for service awards to the Plaintiffs as provided for under the Settlement Agreement;

    d.    considering whether the Court should enter the [Proposed] Final Judgment and the [Proposed] Final Order Approving Settlement;

    e.    considering whether the release by the Class Members of the Released Claims as set forth in the Settlement Agreement and the Final Order should be provided; and

    f.    ruling upon such other matters as the Court may deem just and appropriate.

9.    The Court may adjourn the Final Approval Hearing and later reconvene such hearing.

10.    Any Class Member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel. All Class Members who do not enter an appearance will be represented by Class Counsel.

11.    The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

12. Opening papers in support of final approval of the Settlement Agreement and any application for attorneys' fees and expenses and/or Plaintiffs' service awards must be filed with the Court and served at least 21 days prior to the Final Approval Hearing. Reply papers, if any, must be filed and served at least 7 days prior to the Final Approval Hearing.

**<u>The Court Approves the Form and Method of Class Notice and Notice Plan</u>**

13. The Court approves, as to form and content, the proposed Long-form Notice and Publication Notice (collectively the "Class Notice"), which are Exhibits 2 and 3, respectively, to the Settlement Agreement on file with this Court as well as the Notice Plan (Exhibit 7 to the Settlement Agreement).

14. The Court finds that the distribution of Class Notice substantially in the manner and form set forth in this Order and the Settlement Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

15. The Court approves the designation of Strategic Claims Services to serve as the Court-appointed Settlement Administrator for the settlement. The Settlement Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the

Settlement Agreement and this Order under the direction and supervision of the Court.

16. The Court directs the Settlement Administrator to establish a Settlement Website, making available copies of this Order, the Class Notice, Claim Forms that may be downloaded and submitted online or by mail, the Settlement Agreement and all exhibits thereto, and such other information as may be of assistance to Class Members or required under the Settlement Agreement.

17. The Settlement Administrator is ordered to substantially complete dissemination of the Class Notice no later than 30 days after the Court enters this Preliminary Approval Order.

18. The costs of the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Claims Administrator and Class Notice expenses shall be paid by Church & Dwight in accordance with the applicable provisions of the Settlement Agreement.

### Procedure for Class Members to Participate In the Settlement

19. Class Members who wish to claim a settlement award must submit their Claim Form and supporting documentation no later than 90 days after the date first set by the Court for the Final Approval Hearing. Such deadline may be further extended without notice to the Class by Court order, by agreement between the Parties, or as set forth in the Settlement Agreement.

## Procedure for Requesting Exclusion from the Class

20. Any Person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such Person must submit a request for exclusion to the Settlement Administrator postmarked or delivered no later than 30 days before the date first set for the Final Approval Hearing (the "Opt-Out Date"), as set forth in the Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

21. Any Class Member who does not send a signed request for exclusion postmarked or delivered on or before the Opt-Out Date will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must request exclusion from the Class, must be signed by the potential Class Member and include a statement indicating that the Person desires to be excluded from the Class. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Settlement Agreement shall have no rights under the Settlement Agreement and shall not be bound by the Settlement Agreement or the Final Judgment and Order.

22. A list reflecting all requests for exclusions shall be filed with the Court by Plaintiffs at or before the Final Approval Hearing.

## Procedure for Objecting to the Settlement

23. Any Class Member who desires to object to the proposed settlement, including the requested attorneys' fees and expenses or service awards to the Plaintiffs must timely file with the Clerk of this Court a notice of the objection(s), together with all papers that the Class Member desires to submit to the Court no later than 30 days before the date first set for the Final Approval Hearing (the "Objection Date"). The objection must also be served on Class Counsel and Defendant's counsel no later than the Objection Date. The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Date provided in the Class Notice, by the Clerk of the Court and by Class Counsel and Defendant's counsel. In addition to the filing with this Court, such papers must be sent to each of the following persons:

> James C. Shah
> SHEPHED, FINKELMAN, MILLER & SHAH, LLP
> 475 White Horse Pike
> Collingswood, NJ 08107
>
> Church & Dwight Co., Inc.
> c/o Baldassare Vinti
> Proskauer Rose LLP
> 11 Times Square
> New York, New York 10036

24. The written objection must include: (a) a heading which refers to the Litigation; (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel; (c) a statement that the objector purchased the

Essentials™ deodorant with the Old Label; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; and (g) the objector's signature.

25. Any Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at the Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including attorneys' fees. Class Members or their attorneys who intend to make an appearance at the Final Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Notice and to Defendant's counsel, and file the notice of appearance with the Court, no later than twenty (20) days before the Final Approval Hearing.

26. Any Class Member who fails to comply with the provisions of the preceding paragraph shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Litigation.

27. Pending final determination of whether the settlement should be approved, neither the Class Representatives nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

28. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

IT IS SO ORDERED.

DATED: 2/4/15

_____
THE HONORABLE MICHAEL A. SHIPP
UNITED STATES DISTRICT COURT JUDGE