UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN TREWIN and JOSEPH FARHATT, On Behalf of Themselves And All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>CHURCH & DWIGHT CO., INC.,<br><br>　　　　　Defendant. | Civ. No. 3:12-CV-01475 (MAS) (DEA)<br><br><br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT** |

Whereas Class Representatives, Stephen Trewin and Joseph Farhatt, on behalf of the Class (as defined below), has applied to the Court for an Order granting final approval of the proposed settlement of the above-captioned litigation (the "Litigation") in accordance with the Joint Stipulation of Settlement and exhibits thereto ("Settlement Agreement"), which sets forth the terms and conditions for a proposed settlement of the Litigation against defendant Church & Dwight Co., Inc. ("Church & Dwight" or "Defendant").

WHEREAS, on February 4, 2015, the Court entered an Order Preliminarily Approving Class Action Settlement (the "Preliminary Approval Order") (ECF 62) preliminarily approving the proposed settlement, preliminarily certifying the Class for settlement purposes, directing notice to be provided to and published to potential Class Members, and scheduling a hearing (the "Fairness Hearing") to

consider whether to grant final approval of the proposed settlement and Plaintiffs' Counsel's motion for an award of attorneys' fees and expenses; and

WHEREAS the Court held the Fairness Hearing on June 18, 2015 to determine, among other things, (i) whether the terms and conditions of the proposed settlement are fair, reasonable, and adequate and should therefore be approved; (ii) whether the Class should be finally certified for settlement purposes; (iii) whether notice to the Class was implemented pursuant to the Preliminary Approval Order and constituted due and adequate notice to the Class in accordance with the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law; (iv) whether to enter final judgment dismissing the Litigation on the merits and with prejudice as to Class representatives, Stephen Trewin and Joseph Farhatt, and all Class Members, and releasing all the Released Parties, including Church & Dwight, as provided in the Settlement Agreement; and (v) whether and in what amount to award attorneys' fees and expenses to Plaintiffs' Counsel; and

WHEREAS the Court received submissions and heard argument at the Fairness Hearing from Class Counsel;

NOW, THEREFORE, based on the written submissions received before the Fairness Hearing, the arguments at the Fairness Hearing, and the other materials of

record in this Litigation, it is hereby ORDERED, ADJUDICATED, AND DECREED that:

1. This Order incorporates by reference and makes a part hereof the Settlement Agreement dated as of July 16, 2015, as amended by Addendum to Joint Stipulation of Settlement dated December 23, 2014 (ECF 61-1), including the definitions in the Settlement Agreement. Terms not defined in this Final Order shall have the definitions given to them in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement Agreement are fully incorporated in this Final Order and the Final Judgment as if set forth fully here.

2. The Court has jurisdiction over the subject matter of this Litigation and all Parties to the Litigation, including all Class Members and has jurisdiction to enter this Final Order and the Final Judgment.

3. The Court approves the settlement as set forth in the Settlement Agreement and finds that the settlement is in all respects fair, reasonable, adequate and just to the Class Members. The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Parties and their counsel and was entered into in good faith. The terms of the Settlement Agreement do not have any material deficiencies and do

not improperly grant preferential treatment to any individual Class Member. Accordingly, the proposed settlement as set forth in the Settlement Agreement is hereby fully and finally approved as fair, reasonable, and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Rules of the Court, and in the best interests of each of the Class Members.

4.  The Court grants final certification of the Class solely for purposes of settlement pursuant to Federal Rules of Civil Procedure, Rule 23(c). The "Class" is defined to consist of all persons or entities who purchased Arm & Hammer® Essentials™ deodorant in the United States with the label stating "Natural Deodorant" ("Old Label"). Excluded from the Class are: (i) those who purchased the Essentials™ with the Old Label for purpose of resale; (ii) those with claims for personal injuries arising from the use of the Essentials™ Natural deodorant with the Old Label; (iii) Defendant and its officers, directors and employees; (iv) any person who files a valid and timely Request for Exclusion; and (v) the Judges to whom this Litigation is assigned and any members of their immediate families.

5.  This certification of the Class is made for the sole purpose of consummating the settlement of the Litigation in accordance with the Settlement Agreement. If the Court's grant of final approval does not become final for any reason whatsoever, or if it is modified in any material respect, this class

certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Class Representatives or anyone else to seek class certification in this or any other matter.

6.    Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such Persons who satisfy the Class definition above, except those Persons who timely and validly excluded themselves from the Class, are bound by this Final Order.

7.    Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds that plaintiffs Stephen Trewin and Joseph Farhatt are members of the Class, their claims are typical of the Class claims, and they fairly and adequately protected the interests of the Class throughout the proceedings in the Litigation. Accordingly, Stephen Trewin and Joseph Farhatt are properly appointed as Class Representatives.

8.    For purposes of the settlement of this Litigation, and only for those purposes, and subject to the terms of the Settlement Agreement, the Court finds that Class meets all requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for certification of the class claims alleged in the operative complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representatives and Class Counsel; (e) predominance of common questions of fact and law; and (f) superiority.

9. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel are properly appointed to represent the Class Members and have fairly and adequately represented the Class for purposes of entering into and implementing the settlement.

10. The Court directed that Class Notice be given to Class Members pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Settlement Administrator caused the Class Notice to be disseminated as ordered. The Class Notice advised Class Members of the terms of the settlement; of the Final Approval Hearing, and their right to appear at such hearing; of their rights to remain in, or opt out of, the Class and to object to the settlement; procedures for exercising such rights; and the binding effect of this Final Order and the Final Judgment, whether favorable or unfavorable, to the Class.

11. The distribution of the Class Notice constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law.

12. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other interested

persons, that the settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Settlement Agreement are the product of lengthy, arms'-length negotiations conducted in good faith. Approval of the settlement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice. In making these findings for settlement purposes, the Court has considered, among other things, (i) the Class Members' interest in individually controlling the prosecution of separate actions, (ii) the impracticability or inefficiency of prosecuting separate actions, (iii) the extent and nature of any litigation concerning these claims already commenced, and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

13. All Class Members who have not timely and validly filed opt-outs are thus Class Members who are bound by this Final Order, the Final Judgment and the Settlement Agreement, even if they have pending, or later initiate, any litigation, arbitration, or other proceeding against the Released Parties relating to the Released Claims.

14. The Settlement Agreement, this Final Order and the Final Judgment are not admissions of liability or fault by Defendant or the Released Parties, or a finding of the validity of any claims in the Litigation or of any wrongdoing or violation of law by Defendant or the Released Parties. Neither the Settlement

Agreement, this Final Order nor the Final Judgment, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with such documents, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by Defendant, the Released Parties, or any of them. Notwithstanding the foregoing, nothing in this Final Order or accompanying Final Judgment shall be interpreted to prohibit the use of the Final Judgment in a proceeding to consummate or enforce the Settlement Agreement or Final Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

15. The Court has reviewed and considered the Objection filed by Elizabeth Lys (ECF 63) and finds it to be untimely. In addition, even if the Court would consider the objection, it is without merit.

16. The Court has reviewed and considered the Objection served on Class Counsel by Elizabeth Rahwan, and finds it to be both untimely and, as it was not filed with the Court, improper and of no effect. In addition, even if the Court would consider the objection, it is without merit.

17. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class. Plaintiffs initiated the Litigation,

acted to protect the Class, and assisted their counsel. The efforts of Class Counsel have produced the Settlement Agreement, which was entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Class. Class Counsel has made application for an award of attorneys' fees and expenses in connection with the prosecution of the Litigation on behalf of themselves and Other Plaintiffs' Counsel. The Court finds the fees and expenses requested by Plaintiffs' Counsel, including Class Counsel, totaling $420,000.00, to be a fair, reasonable and justified attorneys' fee and expense award under the circumstances. The Court hereby awards $420,000.00 as attorneys' fees and expenses to be paid by Church & Dwight separate from the Settlement Fund. Class Counsel shall be responsible for distributing and allocating the attorneys' fees and expense award to Plaintiffs' Counsel in their sole discretion.

18. Plaintiffs Trewin and Farhatt, who have agreed to the terms of the Settlement Agreement, and whose claims will be finally and fully resolved by this Order and accompanying Judgment, are each entitled to service awards in the amount of $2,500.00.

19. The court approves the National Environmental Education Foundation as the cy pres recipient.

20. **Releases.** The releases as set forth in Section 13 of the Settlement Agreement, together with the respective definitions of Released Claims, Released

Parties and Releasing Parties are expressly incorporated herein in all respects. As of the Effective Date, and without limiting or modifying the full language of the release provisions in the Settlement Agreement:

    a.    The Court hereby releases and dismisses with prejudice the Litigation and the Releasing Parties' Claims against each and all of the Released Parties, without costs to any party, except as provided in the Settlement Agreement.

    b.    All actions, claims, demands, rights, suits, and causes of action of whatever kind or nature that have been or could have been asserted against the Released Parties by the Releasing Parties in the Litigation or in any other proceeding, including damages, costs, expenses, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, arising out of or relating to the advertising, marketing, packaging, promotion, sale and/or distribution of Arm & Hammer® Essentials™ deodorant with the Old Label or the New Label, including but not limited to claims alleging any type of fraud, misrepresentation, breach of warranty, unjust enrichment or unfair trade practice under any state or federal law, but not including claims for personal injury, are hereby released.

c. Nothing in this Final Order or in the Final Judgment shall release the Claims of any persons or entities who have submitted timely, valid requests for exclusion.

d. The Releasing Parties, including Plaintiffs and all Class Members, shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. The Plaintiffs and all Class Members nonetheless release all such Released Claims against the Released Parties.

e. As of the Effective Date, the Plaintiffs and all Class Members shall be deemed to have waived any and all protections, rights and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction.

21. **Permanent Injunction.** The Court permanently bars and enjoins: (i) all Releasing Parties – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of them – from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Litigation if the person or entity filing such motion or complaint in intervention

purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim as to any Released Party, including any claim that is based upon, arises out of, or relates to the Litigation or the transactions and occurrences referred to in the Complaint and/or Amended Complaint; and (ii) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Class Member as to the Released Parties, if such other lawsuit is based upon, arises out of, or relates to any Released Claims, including any Claim that is based upon, arises out of, or relates to the Litigation or the transactions and occurrences referred to in the Complaint.

22. **Complete Bar Order**.

      a. The Court permanently bars and enjoins all Class Members, and anyone purporting to represent or to pursue claims on behalf of any Class Member, from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to the advertising, marketing, packaging, promotion, sale and distribution of Arm & Hammer® Essentials™ deodorant with the Old Label or New Label against any third party.

    b. The Court further permanently bars and enjoins any and all persons and entities from commencing, prosecuting, or asserting any claim against any Released Parties arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or for misrepresentation, where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member in connection with the advertising, marketing, packaging, promotion, sale and distribution of Arm & Hammer® Essentials™ deodorant with the Old Label or New Label.  All such claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. Notwithstanding the forgoing, in the event that any final verdict or judgment is obtained by or on behalf of the Class or a Class Member against any third party or entity in connection with the advertising, marketing, packaging, promotion, sale and distribution of Arm & Hammer® Essentials™ deodorant with the Old Label or New Label, such final verdict or judgment shall be reduced by the greater of (i) an amount that corresponds to the Released Parties' percentage of responsibility for the loss to the Class or Class Member or (ii) either (a) the Settlement Amount, in the case of the Class, or (b) that portion of the Settlement Amount applicable to the Class Member, in the case of a Class Member.

   c. If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Released Parties the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Claim or the advertising, marketing, packaging, promotion, sale and distribution of Arm & Hammer® Essentials™ deodorant with the Old Label or New Label.

   d. Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, nothing shall release, interfere with, limit, or bar the assertion by any Released Party of any claim for insurance coverage under any insurance, reinsurance, or indemnity policy that provides coverage respecting the conduct at issue in the Litigation.

  23. Without affecting the finality of this Final Order or the Final Judgment, the Court reserves continuing and exclusive jurisdiction over the implementation, administration and enforcement of this Final Order, the Final Judgment and the Settlement Agreement, and all matters ancillary thereto.

  24. The Court finding that no reason exists for delay in ordering accompanying Judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b), the clerk is hereby directed to enter the Final Judgment forthwith.

25. The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Settlement Agreement, including without limitation, the forms to be used in the claims process, which are consistent with this Final Order and the Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

26. All other relief not expressly granted to the Class Members is denied.

IT IS SO ORDERED.

DATED: 6/18/15

_____
THE HONORABLE MICHAEL A. SHIPP
UNITED STATES DISTRICT COURT JUDGE